**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| EDIBLE IP, LLC, and EDIBLE ARRANGEMENTS, LLC,<br>Plaintiffs,<br>v.<br>AMERICAN ZURICH INSURANCE COMPANY,<br>Defendant. | Civil Action No.<br>1:24-cv-04331-SDG |

**OPINION AND ORDER**

This case is before the Court on Defendant American Zurich Insurance Company's motion for entry of partial final judgment under Fed. R. Civ. P. 54(b) [ECF 40]. Because the Court's September 29, 2025 Order granting Plaintiffs' motion for partial judgment on the pleadings was not a final judgment on Plaintiffs' duty to defend claim, Zurich's motion is **DENIED**.

## I. BACKGROUND

Plaintiffs Edible IP, LLC and Edible Arrangements, LLC (collectively, "Edible") bring this action against Zurich, their insurer, asserting claims for breach of contract and bad faith based on Zurich's refusal to defend and indemnify Edible in a separate lawsuit filed in New Jersey federal court in August 2020.[1]

[1] *See generally* ECF 1.

At the beginning of discovery, Edible filed a motion for partial judgment on the pleadings as to Zurich's duty to defend Edible in the underlying lawsuit.[2] Zurich opposed Edible's motion and filed its own motion for judgment on the pleadings as to all of Edible's claims.[3] While the cross-motions were pending, Zurich moved to stay discovery pending the Court's ruling, which Edible did not oppose.[4] The Court granted Zurich's motion to stay, and all pretrial activity was stayed as of April 2, 2025.[5]

By Order dated September 29, 2025, the Court granted Edible's motion as to liability and denied Zurich's motion.[6] However, the issue of Edible's damages could not be resolved at the pleadings stage, and so the case continued to discovery on damages as well as Edible's remaining claims.

On the day that the parties' joint proposed scheduling order was due, Zurich filed the instant motion asking the Court to enter partial final judgment as to Edible's duty to defend claim for the purposes of appeal.[7] Zurich further

---

2 ECF 14.

3 ECFs 22, 23.

4 ECFs 24, 32.

5 ECF 33.

6 ECF 38.

7 ECF 40.

requests another stay pending the outcome of the appeal.[8] The Court previously denied Zurich's request for a stay but reserved decision on the entry of a partial final judgment.[9]

## II. APPLICABLE LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) permits the Court to direct entry of final judgment as to fewer than all claims "only if the court expressly determines that there is no just reason for delay." Otherwise, any order that adjudicates fewer than all claims does not end the action as to any of the claims. Fed. R. Civ. P. 54(b). Certification pursuant to Rule 54(b) is necessary where a party wishes to appeal a district court's adjudication of less than all claims. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997) (noting that Rule 54(b) certification implicates the scope of the appellate court's jurisdiction). "The purpose of this Rule is to codify the historic prohibition against piecemeal appeals, thus preserving the use of appeals for final judgments and the 'infrequent harsh case' in which the requirements of the Rule are satisfied." *Boone v. Corestaff Support Servs., Inc.*, 805 F. Supp. 2d 1362, 1378 (N.D. Ga. 2011) (quoting *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995)). The Eleventh Circuit has cautioned district courts to exercise their discretion under Rule 54(b) conservatively. *Ebrahimi*, 114 F.3d at 166.

---

8 *Id.*

9 ECF 46.

In determining whether a partial final judgment should be certified under Rule 54(b), the Court conducts a two-step inquiry. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). First, "the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* A decision is a final judgment if it is "an ultimate disposition of an individual claim" and "is a decision upon a cognizable claim for relief." *Id.* "[T]he district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Id.*

**III. DISCUSSION**

Because the September 2025 Order was not an ultimate disposition of Edible's duty to defend claim, entry of final judgment as to that claim is not warranted. The September 2025 Order did not resolve the issue of Edible's damages, as that was disputed in the pleadings. Rule 54(b) is not an exception to "the statutory requirement of a 'final decision' under [28 U.S.C. § 1291] as a basic requirement for an appeal to the Court of Appeals." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956); *see also Mathis v. Zant*, 903 F.2d 1368, 1371 (11th Cir. 1990) (Rule 54(b) "was not intended to create an exception to section 1291 or in any way to enlarge the appellate courts' jurisdiction.").

"A final decision 'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Sec. & Exch. Comm'n v. Carrillo*, 325 F.3d

1268, 1272 (11th Cir. 2003) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). In general, "an order of the district court determining the issue of liability, but leaving damages to be determined, is not a final, appealable order." *Cook v. Carolina Freight Carriers Corp.*, 867 F.2d 1266, 1267 (11th Cir. 1989). The September 2025 Order left damages to be determined and is therefore not a final, appealable order.

In its reply, Zurich offers to conditionally stipulate to the damages alleged in Edible's duty to defend claim, for a total of $337,765.00, in order to finalize the claim for appeal.[10] That stipulation was contingent on a further stay of discovery during the pendency of Zurich's appeal.[11] However, the Court previously declined to extend the stay,[12] in light of the fact that this case had already been stayed for nearly six months at Zurich's request during the pendency of the cross-motions for judgment on the pleadings, which were resolved in Edible's favor. Thus, Zurich's conditions for stipulation have not been met, and its offer is withdrawn according to its terms. Because the issue of Edible's damages on its duty to defend

---

10 ECF 43, at 5.

11 *See id.* at 3 n.1 ("To the extent the Court is inclined to either deny a continued stay, or to deny the Rule 54(b) relief altogether, Zurich does not agree to a binding stipulation and expressly retains and reserves the right to challenge the imposition and amount of damages alleged under Count I during an appropriate hearing or at trial.").

12 ECF 46.

claim remains in dispute, there has been no ultimate disposition of that claim, and therefore entry of partial judgment is not warranted.

## IV. CONCLUSION

Zurich's motion for entry of partial final judgment under Fed. R. Civ. P. 54(b) [ECF 40] is **DENIED**.

**SO ORDERED** this 28th day of September, 2026.

Steven D. Grimberg
United States District Judge